## Metz's Estate.

Argued April 20, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John Memolo,* with him *James B. Murrin* and *J. E. Sickler,* for appellants.

*Edgar A. Jones,* for appellee.

PER CURIAM, June 26, 1936:

Frank B. Metz died in 1919, leaving a will, naming his wife, Mary E. Metz, as executrix and giving her the residue of his estate for life with the power of consumption. At her death, "whatsoever may be left" was to be divided among his sisters and brother-in-law. The widow on probating the will stated of record that decedent possessed no real or personal property. She filed an affidavit stating decedent's property was owned by entireties and therefore not subject to tax. On August 18, 1934, she died and gave the residue of her estate to her nephew. Her executor filed an account to which a residuary legatee of Frank Metz excepted, alleging certain bonds in the widow's estate belonged to the husband's estate. The court below dismissed the exceptions. This appeal followed.

Appellant as residuary legatee of the husband's estate could have cited the widow as executrix to file an account: Act of June 7, 1917, P. L. 447, section 46 (a). For a period of sixteen years she waited and at this late date seeks to assert rights against the widow's estate which she claims as residuary legatee of the husband's estate.

If appellant has any right not lost by laches she must assert it against the estate of the first decedent; it is to his estate that she must look. She has no interest in the widow's estate, since she is not claiming as a creditor, heir, or legatee of that estate, and cannot interfere with its administration. See *High's Estate,* 136 Pa. 222, 236, and authorities cited therein.

The life tenant had the right of consumption, and appellant is entitled only to the property of the husband which was not consumed by his widow during her lifetime, but these matters can only be passed on by a court which has jurisdiction over the husband's estate.

Decrees affirmed at appellants' cost.